UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI,               :
                             :
        Petitioner           :
                             :
    v.                       :  CIVIL NO. 3:CV-04-2495
                             :
FCI ALLENWOOD, ET AL.,       :  (Judge Kosik)
                             :
        Respondents          :

# M E M O R A N D U M

## I.   Introduction

Kevin Razzoli, an inmate currently confined at the Federal Correctional Institute at Allenwood (FCI-Allenwood), Pennsylvania, filed this habeas corpus action on November 8, 2004, pursuant to 28 U.S.C. § 2241.  In the petition he contends that the Bureau of Prisons and the United States Parole Commission are in violation of an expedited parole agreement he signed in April of 2004 as well as prior judicial orders, by refusing to release him to a halfway house.  He claims that Respondents continue to delay his release on parole through tactics including the falsification of an incident report and rejecting his proposed release plans.  He further contends that he has been unfairly denied his right to a naval clemency hearing.

In this Memorandum, the court will address several motions which are presently pending in the case.  These motions are as follows: (1) Petitioner's Motion for Release on Bail or Placement in a Halfway House (Doc. 3); (2) Petitioner's Motion to Appoint Counsel (Doc. 8); (3)

Petitioner's Motion for Hearing (Doc. 25); (4) Petitioner's Motion to Vacate Order on Motion for Default Judgment (Doc. 26); (5) Petitioner's Motion for Court Order for copies, calls and postage (Doc. 27) and (6) Respondents' Motion for Extension of Time to Respond to Petition (Doc. 29).  By way of a separate Memorandum, the court will address the merits of the now ripe petition for writ of habeas corpus.

II.     **Background**

Petitioner was sentenced by the Naval Court Martial on December 1, 1987, to 25 years imprisonment for murder and other offenses.  He was paroled from this sentence on April 9, 2001.  He thereafter violated the conditions of parole.  After accepting an expedited revocation proposal pursuant to 28 C.F.R. § 2.66, the Parole Commission ordered Petitioner's parole revoked, and that he serve 8 months -- until August 17, 2002.

Petitioner was re-paroled September 16, 2002, to remain under parole supervision until November 14, 2012.  This parole was revoked in October of 2003, on a charge of use of dangerous and habit-forming drugs.  Petitioner was again re-paroled on December 19, 2003, with a full-term date of November 14, 2012.

On January 30, 2004, the Parole Commission issued a warrant charging Petitioner with violating his conditions of parole.[1]  He was later arrested on the warrant on February 9, 2004.  The warrant was supplemented by the Parole Commission on March 13, 2004, with a charge of possession of a controlled substance, based on Petitioner's criminal conviction on said offense.

---

[1] Petitioner was charged with drug use and violation of the special condition that he reside in a halfway house.  (Doc. 34, Ex. 7.)

2

Petitioner was offered eligibility for an expedited revocation procedure which he ultimately accepted on April 22, 2004.  Pursuant to the proposal, Petitioner accepted responsibility for his violation behavior, waived his right to a revocation hearing and appeal, and accepted the sanction proposed by the Commission - - the revocation of his parole, no credit for time spent on parole and re-parole effective September 28, 2004.  (Doc. 34, Ex. 12.)  In his petition, Razzoli claims that he appended a page to the expedited revocation proposal adding a requirement that he be placed in a halfway house, in return for his dropping a pending court action.  Petitioner also proposed that he be given a certificate of expiration after service of two-thirds of his sentence.[2]

By Notice of Action dated September 29, 2004, the Parole Commission reopened Petitioner's case and retarded his effective parole date by 60 days for violating the rules of the institution.  Specifically, Petitioner had been found guilty of interfering with a staff member in the performance of duties.[3]  The new effective parole date was now November 27, 2004.  (Id., Ex. 13.)

As the new release date approached, the Bureau of Prisons informed Petitioner that his submitted release plans were not acceptable to the supervising Probation Office, and that he

---

[2] The validity/enforceability of Petitioner's additions to the expedited revocation agreement is one of the issues before the court in the pending petition for writ of habeas corpus.

[3] This is also an issue raised by Petitioner in that the contends the incident report was falsely manufactured by Respondents to delay his release on parole and in retaliation for civil actions he has filed.

was ineligible to be released to a halfway house due to a pending detainer. This remains an issue in the case as well in that Petitioner contends that the District Attorney's Office in Bronx, New York had instructed the BOP to lift all warrants on him and further informing them that New York would not be extraditing him. Respondents argue, however, that an active warrant still exists on Petitioner. Petitioner remains confined at FCI-Allenwood and seeks his immediate release via the pending petition.

## III.     Pending Motions

### A.     Motion for immediate hearing

At the time Petitioner filed this action, he also submitted a request for an immediate hearing with regard to the issue of the Parole Commission's retardation of his parole date of November 27, 2004. He contends that this action violates the parole revocation agreement he signed on April 22, 2004. This argument is one of Petitioner's main contentions in the underlying petition which is presently before the court. The issues have since been briefed by the parties and are ripe for disposition. The court is currently considering the petition and any request for an immediate hearing is premature. In reviewing the merits of the petition, should the court decide that a hearing is warranted, a hearing will be scheduled. Accordingly, the motion is denied without prejudice.

### B.     Motion for counsel

Petitioner has also filed a motion seeking the appointment of counsel in this case. The motion was filed shortly after he instituted this action. In the motion Petitioner contends that

4

counsel is necessary to conduct discovery and marshal the facts in this case. Prisoners have no "automatic" constitutional or statutory right to appointment of counsel in federal habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722 (1991). However, a court does have broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require. . . ." See 18 U.S.C. § 3006A(a)(2).[4] Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986).

Initially, the court must be convinced that the petitioner has presented a non-frivolous claim. Reese, 946 F.2d at 253-64. If the case is not frivolous, the court must examine whether the appointment of counsel will benefit both the court and the petitioner. Id. at 264. To make this determination, the court must evaluate the legal and factual complexity of the case, as well as the petitioner's ability to investigate facts and present claims. Id. at 263 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). For example, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and

---

[4] Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

5

coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

In the present case, the docket clearly supports the fact that Petitioner is capable of presenting his claims and does so in a clear manner.  He has filed numerous motions in this case, sets forth comprehensible arguments and supports his position with both legal precedent and relevant documents.  As such, the circumstances existing at this time do not militate in favor of appointment of counsel. Investigation of the facts also does not appear to be beyond his capabilities as evidenced by his submissions.  At this point, Petitioner will suffer no prejudice if he is forced to prosecute this case on his own.  The issues are clearly delineated and before the court for consideration.  The liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with Petitioner's apparent ability to litigate this action pro se, warrant the denial of his request for counsel at this time.  However, such denial is without prejudice and if the circumstances warrant counsel at a later stage in the proceedings, the matter will be addressed either by a motion filed by Petitioner or sua sponte.

**C.     Motion for Immediate Bail Hearing due to Government's Delay in Responding to Habeas Petition**

On January 28, 2005, Petitioner filed a motion requesting the court to schedule a bail hearing for him based upon the Respondents failure to answer his habeas petition within the twenty (20) days directed by the Show Cause order issued on January 4, 2005.  Prior to the filing of Petitioner's motion, Respondents had moved for an enlargement of time on January 21, 2005, to file their response.  Petitioner claims that any enlargement would cause him economic hardship as the longer he is confined the more his produce business suffers.  Petitioner filed

6

this motion after the court had granted Respondents a thirty (30) day enlargement of time.

Petitioner's motion is clearly moot at this point. Further, even if it were not moot it is without merit. The Respondents moved for a short enlargement of time and there is no evidence that it was prompted by bad faith. While Petitioner contends that the initial twenty (20) days afforded to Respondents to answer his allegations was sufficient, Respondents requested additional time to compile information and exhibits, which is not unusual in a habeas action. Further, while Petitioner attempts to blame the government for the alleged economic loss suffered by his business during his confinement, he certainly shoulders the bulk of any blame in light of his criminal history and repeated parole violations.

### D.    Motion to Vacate Court's Order of January 24, 2005

On January 24, 2005, the court issued an order denying a motion for default previously filed by Petitioner in this matter. The basis for the denial was that Respondents had timely moved for an enlargement within which to respond to the petition. The court further noted that any conditions of confinement claims set forth in the motion for default were inappropriately pursued by way of a habeas corpus action. (Doc. 23.)

In the pending motion to vacate, Petitioner contends that the court misconstrued the basis for his default request. He contends that he sought default in this action because officials at FCI-Allenwood failed to respond to a BP-11 pursuant to the inmate grievance system. Even if this is true, it is not a basis for entering default in the instant action. As such, the motion to vacate is denied.

### E.     Motion for Court Order

Petitioner has filed a motion seeking a court order apparently directing that he be permitted unlimited telephone calls, postage and copies because he has four lawsuits pending at the present time. He states that he does have prison employment but only makes .40¢ per hour. While the court is sympathetic to Petitioner's plight, he certainly is not entitled to the issuance of such a directive. The court is aware of at least two actions presently pending in this court which have been filed by Petitioner.[5] A review of the dockets in those cases, particularly the number of motions and copies filed by Petitioner, reveals that he has no trouble financing postage and copies. Further, based upon the number of times Petitioner has attempted to contact the court by phone, he also has little trouble accessing the telephone at FCI-Allenwood. Accordingly, his motion will be denied.

### F.     Respondents' Motion for Enlargement of Time

Also pending in this case is Respondents' second motion for enlargement of time of one week within which to submit their response to the habeas corpus petition. (Doc. 29.) This motion was filed on February 22, 2005 and actually granted by the court in an Order issued on February 23, 2005. (Doc. 30.) The court's Order mistakenly referred to the Respondents' earlier motion for enlargement when issuing the Order. As such, the Clerk of Court never terminated the second motion for enlargement of time as active on the docket. The Clerk of

---

[5] In addition to the instant action, Petitioner also has a civil rights action pending here. See Razzoli v. Director, Bureau of Prisons, et al., Civil Action No. 3:04-2494, filed on November 10, 2004.

8

Court will therefore be directed to terminate this motion from the docket.

    An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN RAZZOLI, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-04-2495 |
| | : |
| FCI ALLENWOOD, ET AL., | : (Judge Kosik) |
| | : |
| Respondents | : |

## **O R D E R**

**NOW, THIS 29th DAY OF SEPTEMBER, 2005,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Motion for Release on Bail/Placement in Halfway House (Doc. 3) is **denied**.

2. Petitioner's Motion for Counsel (Doc. 8) is **denied without prejudice**.

3. Petitioner's Motion for a Hearing (Doc. 25) is **denied**.

4. Petitioner's Motion to Vacate (Doc. 26) is **denied**.

5. Petitioner's Motion for Court Order (Doc. 27) is **denied**.

6. Respondents' Motion for Enlargement of Time (Doc. 29) has previously been ruled upon by the Order issued on February 23, 2005. The Clerk of Court is directed to mark the docket accordingly.

s/Edwin M. Kosik
United States District Judge